**Herman SANCHEZ, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–794.**

United States Court of Veterans Appeals.

Submitted Jan. 10, 1992.

Decided April 28, 1992.

Herman Sanchez, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick, Washington, D.C., were on the pleadings for appellee.

Before KRAMER, FARLEY and MANKIN, Associate Judges.

MANKIN, Associate Judge:

The veteran, Herman Sanchez, appeals a July 10, 1990, decision of the Board of Veterans' Appeals (BVA or Board), which denied entitlement to service connection for a bilateral hearing loss. We find that the BVA erred in reopening the veteran's claim, when the BVA found that no addi-tional evidence was submitted in support of his claim. The Department of Veterans Affairs (VA) Regional Office (RO) found that the evidence submitted by appellant created no new factual basis for allowing service connection. However, since no new or material evidence was provided by appellant, the error committed by the BVA in not satisfying the two-step analysis established by *Manio v. Derwinski*, 1 Vet.App. 140, 144, 147 (1991), was not prejudicial to the resolution of appellant's claim. *See* 38 U.S.C. § 7261(b) (formerly § 4061(b)); *Thompson v. Derwinski*, 1 Vet.App. 251 (1991). Accordingly, the Secretary of Veterans Affairs' (Secretary) motion for summary affirmance is granted.

## I. BACKGROUND

Herman Sanchez served on active duty as an antiaircraft gun crewman and anti-aircraft artillery minor mechanical maintenance man from August 12, 1941, to August 24, 1945. Sanchez's entrance medical examination revealed that his hearing was 20/20. R. at 1. On January 10, 1945, there is a medical treatment card diagnosing "defective hearing in rt. ear since injury 1 yrs. ago.... Hearing Lt–10/15 Rt–5/15." R. at 52. There are no medical records in the record on appeal showing the treatment from an accident that occurred in January 1944. There are, however, treatment records indicating that the veteran was in a brawl on September 9, 1943, where he fractured his jaw, cut his lip, and eventually had mandibular surgery. R. at 40–50. There was a finding that he was under the influence of alcohol and that the "Soldier was not on duty at time injuries were incurred." R. at 50. On April 2, 1945, a pistol that was taken from a German prisoner of war accidentally exploded and injured appellant's right hand. R. at 53–61. Appellant's separation report at the time of his discharge from the service shows his hearing as: right ear 15/15 and left ear 15/15, under the "whispered voice" test. R. at 62. It appears that his hearing was normal at discharge.

On November 20, 1963, Sanchez filed his original claim for benefits for a gunshot

wound to his right hand, ear trouble, malaria, and residuals of a fractured jaw. R. at 65–68. The rating decision of March 12, 1964, granted service connection for residuals of the gunshot wound to the right hand at a 10% disability, for residuals of the fractured mandible, asymptomatic ratable at 0%, and for malaria ratable at 0%, but found no service-connected disability for the scars on his legs and defective hearing. R. at 84. The veteran did not perfect his appeal to the BVA at that time.

The veteran requested reevaluation of his claim on November 30, 1978, but the VARO issued a confirmed rating decision on December 6, 1978. R. at 98–101. On February 3, 1982, the veteran asserted that his hearing loss was secondary to his service-connected broken jaw and that this fact was not considered previously. R. at 102. In response, the VARO issued a deferred rating decision explaining that service connection for his hearing problem was previously considered and denied since 1964; therefore, the only way the veteran could reopen his claim was by submitting new and material evidence. R. at 104–05.

On January 12, 1988, the veteran again attempted to reopen his claim with a hearing examination performed on November 17, 1987. R. at 106. The audiological evaluation shows "moderate sensorineural loss 250–500Hz with severe-profound sensorineural loss 1000–8000Hz AU. Speech thresholds & speech discrimination scores are severely impaired AU." R. at 109–10. The rating decision of February 16, 1988, found the 1987 examination as "insufficient to change that denial." R. at 111–12. This rating decision was not appealed.

On August 14, 1989, the veteran filed a reopened claim noting treatment at the Albuquerque VA Medical Center (VAMC), and alleging that he did not receive an adequate discharge examination. R. at 114. On September 7, 1989, the VARO noted that the allegation of the inadequacy of the separation examination did not provide a new factual basis to revise the final 1964 rating decision. R. at 116–17. The claim was not reopened. R. at 118. The veteran sent his Notice of Disagreement to the VA on September 21, 1989. R. at 120. A rating decision of September 28, 1989, confirmed the denial of service connection and noted that a referral to the Sante Fe Hearing School in 1964 was too remote to establish service connection. R. at 122. The veteran filed his appeal to the BVA on October 25, 1989. R. at 130. A confirmed rating decision was issued on October 31, 1989. R. at 132. The veteran continued to maintain that the separation examination was inadequate, and that the hearing loss was secondary to the broken jaw for which he had continuity of treatment. R. at 133. On July 10, 1990, the BVA found that "the evidence submitted in support of the veteran's current reopened claim does not establish that a bilateral hearing loss is of service origin or that a sensorineural hearing loss became manifest to a compensable degree within one year following separation from service. Accordingly, service connection is not warranted." *Herman Sanchez,* BVA 90–22629, at 3 (July 10, 1990). Appellant filed a timely appeal from that BVA decision to this Court. On September 18, 1991, the Secretary filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings. The Court has jurisdiction of the case pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)).

## II. ANALYSIS

The Board denied service connection concluding that: "The evidence submitted in support of the current reopened claim following a denial of service connection in March 1964, February 1982, and February 1988, rating actions does not establish a new factual basis warranting service connection for a bilateral hearing loss." *Sanchez,* BVA 90–22629, at 3–4. Under 38 U.S.C. § 7105(c) (formerly § 4005(c)), since appellant never appealed the previous rating decisions, they became final and his claim could not be reopened or allowed. The exception to this rule is 38 U.S.C. § 5108 (formerly § 3008) which states:

> If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary

shall reopen the claim and review the former disposition of the claim.

■ When a veteran attempts to reopen a previously denied claim based upon new evidence, "the BVA must perform a two-step analysis." *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991).

First, the BVA must determine whether the evidence is 'new and material'. 38 U.S.C. [§ 5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.*

■ If no new and material evidence is presented, then the BVA need not reach the second prong of the test and evaluate the merits of the veteran's claim in light of all the evidence, both new and old. *See Manio*, 1 Vet.App. at 145. The Board made a conclusory statement that the veteran reopened his claim in August 1989 and proceeded to evaluate the merits of appellant's claim, without first determining whether the claim was actually reopened with new and material evidence.

■ New evidence is "not that which is merely cumulative of other evidence on the record." *Colvin v. Derwinski*, 1 Vet. App. 171, 174 (1991) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir.1990)). Material evidence "is relevant and probative of the issue at hand." *Id.* (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir.1981)). The Court held that "to justify a reopening on a basis of new and material evidence, there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin*, 1 Vet.App. at 174.

■ The most recent evidence submitted by appellant, in an attempt to reopen his claim, consisted of an allegation that his separation examination had been inadequate and that his current hearing loss is secondary to his in-service jaw injury, but no additional evidence was submitted in support of his claim to show continuity of symptomatology. Hearing loss is not a chronic disease subject to presumptive service connection. *See* 38 U.S.C. §§ 1101(3), 1112 (formerly §§ 301(3), 312); 38 C.F.R. § 3.309 (1991). In establishing service connection, a showing of continuity of symptomatology after discharge is required to support the claim when the fact of chronicity in service is not adequately supported. 38 C.F.R. § 3.303(b) (1991). The Court finds that the resubmitted hearing tests conducted at the Sante Fe Hearing School in 1964 referred to by appellant do not constitute new evidence. Even if the allegation that his separation examination was inadequate could constitute new evidence, an issue we do not decide, the allegation would not be material in that it does not establish that his current hearing problem had its inception during service.

### III. CONCLUSION

Even though the BVA did not specifically decide that the evidence submitted by appellant was new and material, it proceeded to rule that the evidence submitted did not show any reasonable relationship between the first clinical documentation of hearing loss and the service injury to the jaw. While it was error to treat evidence which is essentially cumulative of the 1964, 1982, and 1988 claims as new and material, any error in the BVA's rationale is harmless since it does not change the resolution of appellant's claim. "If one part of the two-part test is not satisfied, a claimant does not prevail." *Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991). We find no basis in the record to overturn the BVA's conclusion because appellant failed to meet his initial burden. Therefore, the decision of the Board is AFFIRMED, and the Secretary's motion for summary affirmance is GRANTED.

*It is so Ordered.*