**William A. SMITH, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–871.**

United States Court of Veterans Appeals.

Oct. 22, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant appeals from a March 11, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying an increased disability rating for his service-connected low back disability, denying a total disability rating based on individual unemployability due to service-connected disabilities, and refusing to consider a claim that a prior BVA decision denying service-connected disability compensation for a cervical spine disorder contained clear and unmistakable error requiring revision of that decision. *William A. Smith*, BVA 91–07681 (Mar. 11, 1991). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Secretary's motion will be granted in part and denied in part, the BVA decision affirmed in part and vacated in part, and the matter remanded in part.

The veteran's service-connected low back disability, characterized by the Board as "residuals of a back injury, with lumbosacral strain and low back syndrome, degenerative disc disease with spondylosis, L5–S1", is currently rated as 60% disabling under 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5293 (1991) ("Intervertebral disc syndrome"). In denying entitlement to an increased rating for that condition, the Board noted that the veteran's 60% rating was "the highest possible schedular rating for this disorder". *Smith*, BVA 91–07681, at 4. The veteran, in his brief, concedes that there is no higher schedular rating avail-

able for the low back disability alone, but asserts that his service-connected rating should be "increased by what we contend is severe limitation of motion of the cervical spine, a 30% rating under [38 C.F.R. § 4.71a, DC 5290 (1991) ("Spine, limitation of motion of, cervical")]". Br. at 11. The veteran's claim for service-connected disability compensation for a cervical spine disability is distinct from his claim for an increased schedular rating for his service-connected low back disability and must be presented and dealt with as a separate claim. It is not properly before this Court because it was not raised to the Board. *See Branham v. Derwinski*, 1 Vet.App. 93, 94 (1990).

Pursuant to 38 U.S.C. § 5107(a) (formerly § 3007), a person submitting a claim for Department of Veterans Affairs (VA) benefits has the initial burden of submitting a well-grounded claim. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 55 (1990). A well-grounded claim is a "plausible" claim, "one which is meritorious on its own or capable of substantiation." *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). Here, because the veteran currently receives the highest schedular rating under 38 C.F.R. § 4.71a, DC 5293, and has not alleged any plausible basis for a higher rating for the low back condition under any different schedular category, he has not submitted a well-grounded claim for an increased rating. Therefore, the Board was not required to carry the claim to full adjudication, and any error in the subsequent administrative proceedings as to that claim is harmless. *See Sanchez v. Derwinski*, 2 Vet.App. 330, 333 (1992); *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991).

With regard to the claim for a total disability rating based on individual unemployability due to service-connected disabilities (*see* 38 C.F.R. §§ 4.16(a), 4.18, 3.341 (1991)), the veteran asserts that the Board failed to base its decision on all the evidence of record and to provide an adequate statement of the reasons or bases for its decision. The Board is required to base its decisions on "all evidence and material of record", 38 U.S.C. § 7104(a) (formerly

§ 4004), and to provide a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record", 38 U.S.C. § 7104(d)(1) (formerly § 4004). *See Douglas v. Derwinski*, 2 Vet. App. 435, 438–39 (1992) (en banc); *Gilbert*, 1 Vet.App. at 56–57. Pursuant to these statutory requirements, the Board must "account for the evidence which it finds to be persuasive or unpersuasive", and provide reasons or bases for rejecting evidence submitted by or on behalf of the claimant. *Gilbert*, 1 Vet.App. at 57, 59. In its March 1991 decision, the Board referred to only a November 1989 VA examination and the veteran's September 1989 application for a total disability rating based on individual unemployability. *Smith*, BVA 91–07681, at 4. The Board failed to discuss (and apparently to consider) the remaining evidence and material of record pertaining to the veteran's individual unemployability claim, including two physicians' opinions that he is unemployable (R. at 19, 45) and the records of a Social Security Administration (SSA) decision finding the veteran to be disabled (*see* R. at 45). Therefore, remand is required for the Board to readjudicate this claim on the basis of all evidence and material of record and to issue a decision fully supported by reasons or bases. If the records of the SSA decision finding the veteran to be disabled are not in the record before the Board, the Board must, pursuant to the statutory duty to assist (38 U.S.C. § 5107(a)), seek to obtain those records prior to its readjudication. *See Murincsak v. Derwinski*, 2 Vet.App. 363, 369–70 (1992). Additionally, in readjudicating this claim, the Board must consider and discuss the evidence of the veteran's pain due to his service-connected low back disability (R. at 65–67), as it pertains to his employability. *See Schafrath v. Derwinski*, 1 Vet.App. 589, 591–92 (1991); *Ferraro v. Derwinski*, 1 Vet.App. 326, 330 (1991); 38 C.F.R. § 4.40 (1991).

The veteran's claim for service-connected disability compensation for a cervical spine disability was denied in a prior

final Board decision in June 1989. R. at 52. Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect to that claim. The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet. App. 181, 185 (1992); *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 213 (1991); *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "New" evidence is that which is not "merely cumulative of other evidence on the record." *Colvin, supra.* Evidence is "material" if it is "relevant and probative" and there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Masors, supra; Godwin v. Derwinski*, 1 Vet.App. 419, 424 (1991); *Colvin, supra.* Here, the veteran has not submitted any new and material evidence to justify reopening of his claim for service connection for a cervical spine disability. Therefore, that claim should not have been reopened, and any error attendant upon the Board's failure to adjudicate that claim was harmless error. *See* 38 U.S.C. § 7261(b) (formerly § 4061); *Kehoskie*, 2 Vet.App. at 34; *Godwin*, 1 Vet.App. at 425; *Thompson v. Derwinski*, 1 Vet.App. 251, 254 (1991).

However, the veteran clearly did raise to the Board a claim that the Board in 1989 had committed clear and unmistakable error by failing then to consider relevant medical evidence of record supporting his claim for service connection for the cervical spine disability. R. at 79, 80, 83. Therefore, the Board was required to adjudicate that claim and determine whether the 1989 BVA decision contained clear and unmistakable error requiring revision under 38 C.F.R. § 3.105(a) (1991). *See Russell v. Principi*, 3 Vet.App. 310, 313–14, 318–20 (1992) (consolidated with *Collins v. Principi*, No. 90–416) (Board required to adjudicate claim of clear and unmistakable error in prior BVA decision's failure to consider

all the evidence); *EF v. Derwinski*, 1 Vet. App. 324, 326 (1991) (Board must address all issues reasonably raised to it by appellant). Therefore, remand is required for the Board to consider whether clear and unmistakable error was committed in the 1989 BVA decision denying the veteran's claim for service connection for a cervical spine disability.

Upon consideration of the record, the appellant's brief, the Secretary's motion for summary affirmance, and the appellant's response to that motion, the Court grants in part and denies in part the Secretary's motion for summary affirmance, as provided herein. The March 11, 1991, BVA decision is affirmed insofar as it denied an increased schedular rating for the veteran's low back disorder. That decision is vacated insofar as it denied a total disability rating based on individual unemployability due to service-connected disabilities and refused to decide the appellant's claim that clear and unmistakable error was committed in the 1989 BVA decision, and the matter is remanded for prompt readjudication/adjudication of those claims in accordance with this decision. *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). On remand, the veteran will be free to submit additional evidence (as to the unemployability claim) and argument (as to both claims). *Quarles v. Derwinski*, 3 Vet.App. 129, 140–41, (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new final Board decision is mailed to the appellant.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.