Willie **IRBY**, Appellant,

v.

Jesse **BROWN**, Secretary of Veterans Affairs, Appellee.

No. 93–350.

United States Court of Veterans Appeals.

Argued Dec. 21, 1993.

Decided Jan. 5, 1994.

As Amended Jan. 25, 1994.

Ronald L. Smith, for appellant.

Peter M. Donawick, with whom Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and R. Randall Camp-bell, Deputy Asst. Gen. Counsel, were on the pleadings, for appellee.

Before KRAMER, MANKIN and IVERS, Judges.

MANKIN, Judge, filed the opinion of the Court, in which IVERS, Judge, concurred.

KRAMER, Judge, filed a dissenting opinion.

MANKIN, Judge:

The appellant, Willie Irby, appeals the December 31, 1992, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to service connection for an acquired psychiatric disorder, including post-traumatic stress disorder (PTSD). The Secretary has filed a brief. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). For the reasons set forth below, we will affirm the BVA decision of December 1992.

## I. FACTUAL BACKGROUND

The appellant served on active duty in the United States Army from May 1969 to February 1971, service that included a tour in Vietnam where he was a radio operator for aviation and artillery units. He was not awarded any citations or decorations associated with combat. The appellant's service medical records are entirely negative for any complaint, treatment, or diagnosis for chemical dependency or any psychiatric problems. Records from the Samaritan Health Center reveal that the appellant was admitted there in June 1986 to obtain treatment for alcohol and drug abuse. In January 1988, the appellant was again hospitalized at the Samaritan Health Center for cocaine dependency. Medical reports indicate that the appellant had received two treatments in 1987 for cocaine dependency at the Samaritan Health Center, once in January and once in July. In February 1989, the appellant filed a claim with the VA for service connection for chemical dependency.

On June 23, 1989, the appellant was transferred from the VA medical center (VAMC) in Allen Park, Michigan, to the VAMC in Battle Creek, Michigan, where he was diag-

nosed on June 26, 1989, with cocaine dependency and PTSD by Dr. Richard P. Bloch. Also on June 26, 1989, a psychological assessment performed by Dr. Gordon K. Hare, a clinical psychologist, diagnosed the appellant with PTSD "resulting from his Vietnam combat experience," dysthymia, and cocaine dependence. It was during this interview with Dr. Hare that the appellant first admitted using drugs in Vietnam. He also reported being a sentry at remote artillery bases, engaging in a firefight with the enemy, and being 20 feet away from a first aid station that was demolished in front of him. At this session, the appellant related that the past couple of years had been "especially bad" due to the death of his mother and the subsequent suicide of his brother. The diagnoses upon the appellant's discharge from the hospital on August 14, 1989, were "Cocaine abuse, continuous," considered primary, and PTSD. In a rating decision dated November 7, 1989, the Regional Office (RO) denied the appellant's claim for chemical dependency, finding that this condition was the result of the appellant's own willful misconduct. In December 1989, the appellant filed a Notice of Disagreement (NOD) which the VA chose to treat as an amended claim for service connection for PTSD.

A VA examination on February 21, 1990, diagnosed the appellant with alcohol and mixed substance abuse and determined that the diagnostic criteria for PTSD were not present. In a rating decision dated April 26, 1990, the RO denied the appellant's claim for service connection, concluding that a "complete review of all medical evidence in file, does not indicate that the veteran experienced a recognizable stressor that would be expected to evoke significant symptoms of [PTSD in] almost all individuals." The RO went on to note that while the medical evidence did not indicate that the appellant had any of the symptoms of PTSD, it did reveal that the appellant had a significant problem with substance abuse. The appellant filed an NOD with this decision in June 1990. The appellant was readmitted to the VAMC in Battle Creek, Michigan, for treatment of substance abuse from May 15, 1990, to August 3, 1990. He was discharged by Dr. Dale W. Kuiper with a primary diagnosis of "Mixed

substance dependence, continuous," and a secondary diagnosis of passive dependent personality disorder. On September 25, 1990, the RO issued a confirmed rating decision denying the appellant service connection for PTSD. From August 31, 1990, to October 1, 1990, the appellant again received inpatient treatment from the VAMC in Battle Creek, Michigan. A discharge summary prepared by Dr. Lee T. Zawol indicated that the appellant had been admitted with, *inter alia,* "emotional stress relating to his war experiences" and difficulty coping with family problems. He diagnosed the appellant with PTSD, substance abuse, and a borderline personality disorder. However, a hospital report prepared by clinical psychologist Dr. Dharm Bains indicated that a primary diagnosis of PTSD was not finalized because the appellant had been terminated from the program when he violated his treatment contract by being AWOL. In a rating decision dated April 15, 1991, the RO continued its denial of the appellant's claim for service connection for PTSD, finding that the available evidence did not support a diagnosis of post-traumatic stress disorder due to active military service.

On October 21, 1991, the Board remanded the appellant's claim to the RO to conduct a psychiatric examination in accordance with "The Physicians Guide for Disability Evaluation Examinations" in order to "determine the present nature and severity of [the appellant's] alleged psychiatric disorder," to obtain psychiatric treatment records from the the VAMC in Battle Creek, Michigan, reflecting the appellant's alleged treatment in April 1991, and to obtain the appellant's service personnel records. The RO obtained some of the appellant's service personnel records and the appellant's VA medical records from October 1990 to October 1991. These records indicate that two daily progress notes in February and October 1991 diagnosed the appellant with PTSD, alcohol dependance, and drug abuse. A discharge summary prepared in October 1991 by Dr. David L. Russell of the psychiatry service provided a primary diagnosis of alcohol, cocaine, and marijuana dependency, continuous, and a secondary diagnosis of PTSD "by history." On

March 5, 1992, a VA psychiatric examination by Dr. David Picone, D.O., diagnosed the appellant with "psychoactive substance abuse (ethanol dependency)." The appellant described to Dr. Picone how he had seen a mortar round demolish a first aid station and a fellow soldier's head explode. Dr. Picone added that the appellant also described "everyday war zone stuff."

In a rating decision dated March 20, 1992, the RO confirmed its denial of the appellant's claim for PTSD. On August 6, 1992, the VA received additional medical records from March 1992 to June 1992. These records reflect that on two occasions, March 18, 1992, and June 24, 1992, daily progress notes, made by the same doctor who had diagnosed the appellant with PTSD and alcohol abuse in October 1991, diagnosed the appellant with PTSD and substance abuse in remission. In an informal hearing presentation to the Board on September 1, 1992, the appellant's designated representative argued that Dr. Picone's diagnosis of psychoactive substance abuse was inadequate for rating purposes because he was an osteopathic doctor, not a psychiatrist or psychologist. On November 2, 1992, the Board's medical adviser on psychiatric matters, Dr. Eugene M. Caffey, Jr., was asked to determine whether the appellant had PTSD. After reviewing all the medical evidence of record, he answered, "Possibly, but probably not." Dr. Caffey concluded that "[t]he overwhelming problem for the veteran ... has been substance abuse, clearly." On December 31, 1992, the BVA denied the appellant's claim for service connection for PTSD, concluding that an acquired disorder, including PTSD, was not incurred in, aggravated by, or presumed to have been incurred in wartime service.

## II. ANALYSIS

### A. *Plausible Basis in the Record*

■ A finding of service connection is question of fact, not a question of law. *Swann v. Brown*, 5 Vet.App. 229, 232 (1993), *Wood v. Derwinski*, 1 Vet.App. 190, 192 (1991). The Court must affirm findings of fact made by the Board unless they are found to be "clearly erroneous." 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Lovelace v. Derwinski*, 1 Vet.App. 73 (1990); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its own judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert*, 1 Vet.App. at 53.

■ The Board's denial of service connection for PTSD simply cannot be considered as clearly erroneous. First, the appellant's original claim for service connection in February 1989 was not for PTSD but for chemical dependency; the RO denied this claim finding this condition to be the result of the appellant's own willful misconduct. Second, all examining physicians have been unanimous and consistent as to the appellant's alcohol and substance abuse, but not as to PTSD. Third, and most dispositive of the appellant's claim, the VA examination conducted in February 1990 specifically found that the diagnostic criteria for PTSD were not present. Therefore, because the evidence of record does not support the appellant's contention that he has PTSD, the Board's denial of service connection for PTSD has a plausible basis and is not clearly erroneous.

### B. *Duty to Assist*

■ Once the appellant has submitted a well-grounded claim, the Secretary must assist the appellant in "developing the facts pertinent to" that claim. 38 U.S.C.A. § 5107(a) (West 1991). Dr. Picone's psychiatric examination of the appellant was inadequate for rating purposes, not because he was an osteopath, but because, in contravention of the Board's October 1991 directions, he did not make any specific findings as to whether or not the appellant had PTSD, and because he did not refer to any earlier diagnoses of PTSD or any of the appellant's other medical records in his report. However, while the Board may have violated its duty to assist the appellant under 38 U.S.C.A. § 5107(a) by not ordering a thorough and contemporaneous psychiatric examination, one which would take into account

the records of prior medical evaluations and treatment, due to the fact that the Board's denial of the appellant's claim had a plausible basis, any such error would be harmless since it does not change the resolution of the appellant's claim. *See Sanchez v. Derwinski*, 2 Vet.App. 330, 333 (1992); 38 U.S.C.A. § 7261(b) (West 1991).

### C.  *Additional Arguments*

■ Before this Court, the appellant contends that the BVA decision of December 1991 should be reversed because the Board erred in not applying 38 U.S.C.A. § 1154(b) (West 1991) to the appellant's claim. However, 38 U.S.C.A. § 1154(b) cannot be applied to the appellant's claim until the BVA first makes a factual finding that the appellant has engaged in combat. *Zarycki v. Brown*, 6 Vet.App. 91, 98 (1993). Such a factual finding not only has not been made in the case at hand, but is not necessary due to the Board's denial of the appellant's claim for PTSD and this Court's affirmance of that decision.

The appellant also asserts that, because Dr. Caffey is a staff medical advisor to the Board, he is not qualified to render an independent medical opinion under 38 U.S.C.A. § 7109(a) (West 1991). Therefore, the appellant argues, Dr. Caffey's medical opinion was impermissibly included in the record. However, since there is a plausible basis within the record for the denial of the appellant's claim for service connection for PTSD without the consideration of Dr. Caffey's medical opinion, this Court need not address this issue.

### III.  CONCLUSION

Upon consideration of the record and the filings of the parties, the Court holds that the appellant has not demonstrated that the Board committed factual or legal error which would warrant reversal. *Gilbert*, 1 Vet.App. at 49; *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). Further, the Court is satisfied that the BVA decision meets the "reasons or bases" requirements of 38 U.S.C.A. § 7104(d)(1) (West 1991) and the benefit of the doubt doctrine of 38 U.S.C.A. § 5107(b) (West 1991). *See Gilbert*, 1 Vet.App. at 53–58.

Accordingly, the BVA decision of December 31, 1992, is AFFIRMED.

KRAMER, Judge, dissenting:

The good news is that the majority opinion is extremely well written. The bad news, unfortunately, is that it is written about the wrong issue. Under the newly announced rule in *Zarycki v. Brown*, 6 Vet.App. 91, 100 (1993), a multi-pronged test must be applied to determine service-connectability for PTSD. The first prong of the test requires the BVA "to make a specific factual finding as to whether or not appellant was engaged in combat." *Id.*, at 100. Under *Karnas v. Derwinski*, 1 Vet.App. 308 (1991), that rule must be applied in this case. Incredibly, the majority attempts to sidestep *Zarycki* by circularly stating that the rule applies only where the Board has made a factual finding that a veteran has engaged in combat, and that, as the Board has not made any finding as to engagement in combat, *Zarycki* doesn't apply because the Board has denied appellant's claim. Even a minimal reading of *Zarycki*, however, requires the inescapable conclusion that the first prong of the test mandates a factual finding regarding engagement in combat. I dissent.