**Charles L. DEGMETICH, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–444.**

United States Court of Veterans Appeals.

Argued July 13, 1995.

Decided Sept. 22, 1995.

Ronald L. Smith, for appellant.

Peter M. Donawick, Senior Appellate Attorney, with whom Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; and R. Randal Campbell, Deputy Assistant General Counsel, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and MANKIN, Judges.

MANKIN, Judge:

The appellant, Charles L. Degmetich, appeals the April 6, 1994, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to service connection for a psychiatric disorder and found no clear and unmistakable error (CUE) in an October 1967 rating decision that denied service connection for a nervous disorder. The Secretary filed a brief, and the appellant filed a brief and a reply brief. In his briefs and at oral argument, the appellant limited his appeal to the issue of CUE in the October 1967 rating decision. The Court deems the appellant to have abandoned his appeal with respect to the remainder of the issues addressed by the BVA below. *Bucklinger v. Brown*, 5 Vet.App. 435 (1993). The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court affirms the April 1994 decision of the BVA.

## I. FACTUAL BACKGROUND

The appellant served on active duty in the United States Army from July 15 to December 21, 1956. Record (R.) at 15. After being discharged, the appellant served on active duty in the U.S. Air Force from December 31, 1956, to April 4, 1960. R. at 15, 82, 95. His service medical records are negative for any treatment or formal diagnosis of any mental disorder. In December 1959, the appellant was treated for difficulty sleeping. The treating physician noted that the appellant was going through a divorce. R. at 72. The appellant was hospitalized in December 1959 for an appendectomy. R. at 98. The following month, an Air Force doctor wrote the appellant's mother and said:

> We feel that [the appellant] would probably benefit from long-term psychiatric care but since we have no psychiatrist assigned to the staff of this hospital the carrying out of such a treatment program presents almost insuperable difficulties. Due to sundry troubles that [the appellant] has been having with his military supervisor it is entirely possible that he will be separated

from the Air Force in the fairly near future, in which case he could get this care from a Veterans Administration Hospital. *Id.* In April 1960, the appellant was administratively discharged. R. at 15, 77.

The appellant received inpatient treatment at Agnews State Hospital, in California, from January to March 1961. R. at 87, 91–92. The admitting doctor's diagnostic impression was "schizophrenic reaction, chronic undifferentiated." R. at 91. In February 1961, the appellant was diagnosed with "22.4 Schizo. React., Acute Undifferentiated." Id. The same month, the appellant filed a claim requesting service connection for nerves. R. at 83–85. In an April 1961 decision, the regional office (RO) issued a deferred rating decision for service connection for schizophrenic reaction pending the receipt of additional service medical records. R. at 95. A VA examination was ordered but the appellant could not be located and no further action was taken on his claim. R. at 128.

In April 1967, the appellant was admitted to the El Camino Hospital, in California, following an attempted suicide. R. at 100–04. The appellant was discharged from El Camino Hospital with a diagnosis of "depressive reaction [and a] probable psychosis" and transferred to the Agnews State Hospital on April 22, 1967. R. at 104, 159. On May 9, 1967, the appellant was discharged from Agnews State Hospital with a diagnosis of "schizophrenic reaction, schizo-affective" and transferred to a VA medical center to participate in a study on depression. R. at 106, 159. The treating physician at the VA medical center reported that his diagnostic impressions were:

Personality trait disturbance, emotionally unstable personality with psychoneurotic depressive reaction, as evidenced by difficulty in establishing firm, long term interpersonal relationships and emotional lability, resulting in drastic changes of plans and in rash or impulsive attempted suicide during the times of depressed affect. Question of schizophrenic reaction, schizo-affective type, must be entertained though at present time patient does not seem to

be sufficiently thought disordered to justify this diagnosis.

R. at 110.

During the hospitalization in the VA medical center, the appellant reopened his claim for service connection for a nervous disorder. R. at 128. In August 1967, the appellant was discharged with a diagnosis of "personality trait disturbance, emotionally unstable personality with psychoneurotic depressive reaction." R. at 124. The appellant's claim was denied in an October 1967 decision. The RO decision said:

The only evidence in service indicates emotional disturbance and no indication of acquired neuropsychiatric disease. When the veteran was hospitalized in January 1961, approximately 9 months from his discharge from service, the diagnosis made was schizophrenic reaction acute undifferentiated type. This diagnosis according to the VA examiner was not definitely supported by hospital notes and there is no evidence to show the development of a chronic undifferentiated type of schizophrenic reaction. Since the chronic disease is required for presumptive service connection, the acute condition with no present findings of psychosis cannot be rated.

R. at 128–29. The decision also said that the appellant had a "constitutional or developmental abnormality—not a disability under the law[.] PERSONALITY TRAIT DISTURBANCE, EMOTIONAL UNSTABLE PERSONALITY[.]" R. at 129. This decision was not appealed.

The appellant's February 1970, February 1974, January 1984, January 1987, and May 1990 attempts to reopen his claim for service connection for a nervous condition were denied. R. at 139, 144, 155, 193–94, 200. The June 1990 RO decision that denied the appellant's May 1990 attempt to reopen was appealed. In December 1991, the Board held that the claim should have been reopened and remanded the case. *Charles L. Degmetich,* BVA 91–16 054, at 4 (Dec. 3, 1991). The Board directed the RO to obtain copies of all available medical records, conduct a VA psychiatric examination, and consider the issue of CUE in the October 1967 rating decision.

On remand, the RO issued a July 1993 confirmed rating decision. R. at 402–03. The decision said that the evidence did not establish a chronic psychosis during service or the presumptive period that followed and the appellant's personalty disorder was not a compensable disability. The RO also found no CUE in the October 1967 RO decision. In an April 1994 decision, the Board found no CUE in the October 1967 decision and denied entitlement to service connection for an acquired psychiatric condition based on a reopened claim. *Charles L. Degmetich,* BVA 91–16 054 at 4 (April 6, 1994).

## II. ANALYSIS

■■ In the appellant's brief, he argued that the Board erred when it found that the October 1967 RO decision did not contain CUE. At oral argument, the appellant amended his argument and argued that the Board erred in its analysis of the CUE claim. The Secretary, in his brief and at oral argument, argued that the Board properly concluded that the October 1967 decision did not contain CUE.

The Board decision said:

[T]he RO had a tenable basis for denying entitlement to service connection for a psychiatric disorder in October 1967. Neither the service medical records nor the discharge summary reflect a chronic acquired psychiatric disorder.... While the hospital report within one year of discharge from service notes that the veteran had a schizo-affective reaction, it was noted as an acute condition. Only chronic disorders are entitled to presumptive service connection. 38 C.F.R. § 3.307. Furthermore, the VA hospital discharge summary of August 1967 provides a diagnosis of a personality disorder. Personality disorders are not entitled to service connection. 38 C.F.R. § 4.127.

*Id.* In reviewing the BVA's analysis of CUE in the RO decision, the Court must examine the statutes and regulations extant at the time of the October 1967 RO denial. *Ternus v. Brown,* 6 Vet.App. 370, 376 (1994). The Board's assertion that only chronic psychiatric disorders are entitled to presumptive service connection was erroneous. Section 3.307(b) of the 1967 Code of Federal Regulations stated: "The disease listed in § 3.309(a) will be accepted as chronic, even though diagnosed as acute because of insidious inception and chronic development." The mental disorder psychosis is listed in § 3.309(a) and, therefore, the Board erroneously relied on the assertion that only chronic psychiatric disorders were entitled to presumptive service connection without discussing the applicability of § 3.307(b).

■ Had the Board not erred, as we have demonstrated, it would have had to confront the fact that there was no evidence indicating that the appellant had a diagnosis of psychosis in 1967. In order for the appellant to have been awarded a rating for service-connected psychosis, there must have been evidence both of a service-connected disease or injury and a disability in 1967 which was attributable to such disease or injury. *See* 38 U.S.C. § 310 (1967) (currently § 1110). This means that a claim for service connection must have been accompanied by evidence that established that the appellant currently had the claimed disability. *See Rabideau v. Derwinski,* 2 Vet.App. 141 (1992); *see also Brammer v. Derwinski,* 3 Vet.App. 223, 225 (1992) (there can be no valid claim "in the absence of proof of a present disability"); *Caluza v. Brown,* 7 Vet. App. 498 (1995). The appellant failed to provide evidence showing a presently existing disability that was acquired in service or during the presumptive period and, therefore, he did not have a valid claim in October 1967. The Court will affirm the BVA decision that there was no CUE in the RO decision based upon the proper reason that there was no evidence that the appellant had a psychosis when the RO rendered the October 1967 decision. *See Tallman v. Brown,* 7 Vet.App. 453 (1995).

■ Also, the Board misquoted the appellant's 1961 diagnosis as "schizo affective reaction, acute undifferentiated," when in fact the diagnosis was "Schizo. React., Acute Undifferentiated." In view of the foregoing analysis, however, such error was harmless. *See* 38 U.S.C. § 1131 (1994); 38 U.S.C. § 7261(b); *see also Gabrielson v. Brown,* 7

Vet.App. 36, 41 (1994); *Sanchez v. Derwinski,* 2 Vet.App. 330, 333 (1992).

## III. CONCLUSION

Upon consideration of the record and the pleadings, the Court holds that the appellant has not demonstrated that the Board committed factual or legal error which would warrant relief to the appellant. *Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53; *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990).

Accordingly, the BVA decision of April 6, 1994, is **AFFIRMED.**