Citation Nr: 1132142 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 08-20 323 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


ATTORNEY FOR THE BOARD

Shauna M. Watkins, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1975 to July 1979.

The Veteran's claim comes before the Board of Veterans' Appeals (Board) on appeal from September 2007, October 2007, and March 2010 rating decisions of the Department of Veterans Affairs' (VA) Regional Office (RO) in San Juan, the Commonwealth of Puerto Rico, which denied the benefit sought on appeal.

In November 2010, the Board remanded this matter to the RO via the Appeals Management Center (AMC) in Washington, DC, for further development. The development is complete. The matter is returned to the Board for appellate review.


FINDING OF FACT

The Veteran does not have sufficient hearing loss in his ears to be considered a disability by VA standards.


CONCLUSION OF LAW

Service connection for bilateral hearing loss is not established. 38 U.S.C.A. 
§§ 1131, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309, 3.385 (2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

To establish direct service connection, the record must contain: (1) medical evidence of a current disorder; (2) medical evidence, or in certain circumstances, lay testimony, of in-service incurrence or aggravation of an injury or disease; and, (3) medical evidence of a nexus between the current disorder and the in-service disease or injury. In other words, entitlement to service connection for a particular disorder requires evidence of the existence of a current disorder and evidence that the disorder resulted from a disease or injury incurred in or aggravated during the military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a).

In addition, if a chronic disease is shown during the military service, subsequent manifestations of the same chronic disease at any later date, however remote, may be service connected, unless clearly attributable to intercurrent causes. 38 C.F.R. 
§ 3.303(b). However, continuity of symptoms is required where a disorder during the military service is noted but is not, in fact, chronic or where a diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b).
Further, service connection may also be granted for any disease diagnosed after the military discharge, when all the evidence, including that pertinent to the military service, establishes that the disease was incurred during the military service. 38 U.S.C.A. § 1113(b) (West 2002); 38 C.F.R. § 3.303(d). 

The Board must determine whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either case, or whether the preponderance of the evidence is against the claim, in which case, service connection must be denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Taking the first element of service connection, the threshold for normal hearing is from zero to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). However, according to VA standards, impaired hearing must be of a certain level to be considered a disability. For purposes of applying the laws administered by VA, hearing impairment will be considered a disability when the thresholds for any of the frequencies at 500, 1000, 2000, 3000 and 4000 Hertz is 40 decibels or greater; the thresholds at three of these frequencies are 26 or greater; or, the speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. For service connection, it is not required that a hearing loss disability by the standards of 38 C.F.R. § 3.385 be demonstrated during the military service. However, a hearing loss disability by these standards must be currently present. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992); see also Hensley, 5 Vet. App. at 157.

In a July 2007 letter, the Veteran's private physician indicated that he had examined the veteran and diagnosed "bilateral moderate-severe high frequency hearing loss." Audiometric findings of pure tone hearing threshold levels in numerical form do not accompany these private treatment records. The Board was unable to determine if the hearing loss met the requirements to be considered a VA disability under 38 C.F.R. § 3.385. The Board remanded the claim for a VA examination.


At the March 2011 VA audiological examination, audiometric testing yielded the following findings:

 


HERTZ



500
1000
2000
3000
4000
RIGHT
2
8
10
30
32
LEFT
8
4
12
38
72

Using the Maryland CNC test, the speech recognition score for the right ear was 96 percent and the speech recognition score for the left ear was 100 percent. 

The claims file does not contain any other audiometric testing presented in numeric form.

Thus, a current bilateral hearing loss disorder as defined under 38 C.F.R. § 3.385 is not shown by the evidence of record. The Veteran has not met his threshold preliminary evidentiary burden of establishing he has sufficient hearing loss disability in his ears. Without this required proof of a current disorder, the claim for bilateral hearing loss necessarily fails. See Degmetich v. Brown, 8 Vet. App. 208 (1995), 104 F.3d 1328, 1332 (1997) (holding that VA compensation only may be awarded to an applicant who has a disorder existing on the date of application, not for a past disorder). See, too, McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (further clarifying that this requirement of current disorder is satisfied when the claimant has disorder at the time a claim for VA disability compensation is filed or during the pendency of the claim). 

In reaching this decision the Board has considered the Veteran's arguments in support of his assertions that his bilateral hearing loss is related to his military service. However, the resolution of an issue that involves medical knowledge, such as the diagnosis of a disorder, requires professional evidence. See Espiritu v. Derwinski, 2 Vet. App. 492, 495 (1992). It is true that the Veteran's lay statements may be competent to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of the disorder or symptoms of the disorder subject to lay observation. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006) (addressing lay evidence as potentially competent to support presence of disorder even where not corroborated by contemporaneous medical evidence). However, bilateral hearing loss requires specialized training for a determination as to diagnosis, and is therefore not susceptible of lay opinions on etiology.

The Board notes that under the provisions of 38 U.S.C.A. § 5107(b), the benefit of the doubt is to be resolved in the claimant's favor in cases where there is an approximate balance of positive and negative evidence in regard to a material issue. The preponderance of the evidence, however, is against the Veteran's claim and that doctrine is not applicable. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Thus, the Veteran's claim of entitlement to service connection for bilateral hearing loss is not warranted.

Notice and Assistance

Under applicable law, VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2010).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record: (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and, (3) that the claimant is expected to provide. This notice must be provided prior to an initial unfavorable decision on a claim by the agency of original jurisdiction (AOJ). Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

The Board finds that the content requirements of a duty to assist notice letter have been fully satisfied. See 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). Letters from the RO dated in July 2007, October 2007, and January 2010 provided the Veteran with an explanation of the type of evidence necessary to substantiate his claim, as well as an explanation of what evidence was to be provided by him and what evidence the VA would attempt to obtain on his behalf. The July 2007 letter also provided the Veteran with information concerning the evaluation and effective date that could be assigned should service connection be granted, pursuant to Dingess v. Nicholson, 19 Vet. App. 473 (2006). The July 2007 letter was provided prior to the initial RO adjudication of his claim in September 2007. VA has no outstanding duty to inform the Veteran that any additional information or evidence is needed.

VA also has a duty to assist the Veteran in the development of the claim. This duty includes assisting the Veteran in the procurement of service treatment records (STRs) and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

Here, the Board finds that all relevant facts have been properly developed, and that all evidence necessary for equitable resolution of the issue has been obtained. His STRs and post-service treatment records have been obtained. The RO attempted to obtain the medical records from the Veteran's private audiologist in a letter dated in October 2007. The private audiologist did not respond to this letter. The RO informed the Veteran of this fact in another letter dated in October 2007. The RO told the Veteran that he could obtain and submit the private audiologist's records to VA. In response, the Veteran did not submit the private audiological records. Thus, the Board does not have notice of any additional relevant evidence that is available but has not been obtained. He has been afforded a VA examination. For the foregoing reasons, the Board concludes that all reasonable efforts were made by the VA to obtain evidence necessary to substantiate the Veteran's claim. Therefore, no further assistance to the Veteran with the development of evidence is required.



ORDER

The claim for service connection for bilateral hearing loss is denied.



____________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs