Citation Nr: 1340184 
Decision Date: 12/05/13 Archive Date: 12/20/13

DOCKET NO. 12-30 504 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss. 

2. Entitlement to service connection for tinnitus.


ATTORNEY FOR THE BOARD

A. Larson, Associate Counsel



INTRODUCTION

The Veteran had active service from June 25, 2007 to October 29, 2007 and October 2008 to April 2010. He has documented service in the National Guard from November 2004 continuing through at least 2012. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from May 2011 and August 2011 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. The May 2011 decision denied the Veteran's claim for service connection for hearing loss, while deferring his tinnitus claim for further development. The August 2011 decision denied that tinnitus claim. 

The Board has reviewed the Veteran's electronic record (Virtual VA) prior to rendering a decision in this case. It does not contain any evidence not already in the claims folder or considered by the RO.


FINDINGS OF FACT

1. The Veteran does not currently suffer from bilateral hearing loss.

2. Tinnitus is etiologically related to noise exposure during active service.


CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been established. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.385 (2013).

2. The criteria for service connection for tinnitus have been established. 38 U.S.C.A. §§ 1101, 1110, 1113 (West 2002); 38 C.F.R. §§ 3.303 (2013).

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Hearing Loss

Under the Veterans Claims Assistance Act (VCAA), when VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 C.F.R. § 3.159 (2013). Here, the Veteran was provided with the relevant notice and information in a May 2010 letter prior to the initial adjudication of his claim. Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II). He has not alleged any notice deficiency during the adjudication of his claim. Shinseki v. Sanders, 129 S. Ct. 1696 (2009).

VA also has a duty to assist the Veteran in obtaining potentially relevant records, and providing an examination or medical opinion when necessary to make a decision on the claim. Here, the Veteran's service records, including those available from his time serving in the Kansas National Guard, VA records, and identified private treatment records have been obtained and associated with the claims file. After some initial confusion about whether the Veteran served in the reserves (he did not), the RO and the Veteran determined that the records obtained from the National Guard were not complete, specifically relating to periods from July 2007 to October 2007 and October 2008 to April 2010. However, after several attempts to locate any missing records, a formal finding on the unavailability was produced in March 2011. Later that month, the Veteran indicated that he had sent the RO all copies of the records he had in his possession and he wanted the decision process to proceed. 

The Veteran was also provided with a VA examination to determine if he suffered from hearing loss, which contains a description of the history of the disability at issue and documents and considers the relevant medical facts and principles. As no disability was found, an opinion regarding etiology was not necessary. The Board finds that VA's duty to assist with respect to the hearing loss claim has been met. 38 C.F.R. § 3.159(c); Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

The Veteran contends that service connection is warranted for bilateral hearing loss as it relates back to his time on active duty.

Service connection is established where a particular injury or disease resulting in disability was incurred in the line of duty in active military service or, if pre-existing such service, was aggravated during service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498 (1995). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a).

A veteran may be granted service connection for any disease initially diagnosed after discharge, but only if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

There is an alternative path to service connection: using a presumption. The presumptive service connection is available to veterans who suffer from certain chronic disorders and diseases that manifest during service or within one year after service. See C.F.R. §§ 3.307, 3.309. If the conditions to presumptive service connection cannot be said to be "chronic" in the medical sense, a veteran may still yet succeed if he can show a continuity of symptomatology, assuming his condition is one listed in the regulation. Walker v. Shinseki, 708 F.3d 1331, 1339 (Fed. Cir. 2013). 

Entitlement to service-connected benefits is specifically limited to cases where there is a current disability. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The threshold for normal hearing is from 0 to 20 decibels; higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155 (1993) (citing Current Medical Diagnosis & Treatment, Stephen A. Schroeder, et. al. eds., at 110-11 (1988)). But before service connection may be granted for hearing loss, it must be of a particular level of severity. For purposes of applying the laws administered by VA, impaired hearing only will be considered a ratable disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory threshold for at least three of these frequencies are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The Veteran underwent a VA compensation and pension examination to assess his current level of hearing in July 2010. There, an audiogram was performed, and the Veteran's pure tone thresholds, in decibels, were as follows:


500 Hz
1000 Hz
2000 Hz
3000 Hz
4000 Hz
AVERAGE
LEFT
15
10
10
10
15
11.25
RIGHT
15
15
15
15
20
16.25

Speech audiometry as determined by the Maryland CNC speech discrimination test revealed speech recognition ability of 96 percent in both ears. The examiner concluded that hearing loss was not present. 

Unfortunately, the Veteran's audiometric test results do not avail themselves to the wholly objective threshold of establishing service connection for hearing loss. He has not produced any other evidence that can be used to establish a current hearing loss disability under § 3.385. His file contains reference audiograms during his time in on active duty in 2007, but those too are normal. While the Board is sympathetic to the Veteran's subjective complaints, specifically that he has trouble hearing when there is competing background noise, and understands he wishes to establish service connection even at a 0 percent rating, this is not possible at this time. The most fundamental requirement for any claim for service connection is that the Veteran must have proof he has the condition claimed, see Degmetich v. Brown, 8 Vet. App. 208 (1995), and this has not been established here.

For these reasons and bases, the preponderance of the evidence is against this claim, in turn meaning the benefit-of-the-doubt doctrine is inapplicable and that the claim must be denied. 38 C.F.R. § 3.102. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

II. Tinnitus

The Veteran was separated from service in April 2010. That same month, he submitted a claim for service connection for tinnitus indicating that he began experiencing ringing in his ears in 2008. In June 2010, he stated that he had been experiencing occasional ringing in his ears and was exposed to noise from heavy equipment and several controlled blasts during service. On VA examination in July 2010, the Veteran stated that he first had tinnitus during service after munitions were discharged and that he continues to having ringing in his ears in quiet environments. 

The Veteran is competent to describe his symptoms of tinnitus and the Board finds his statements as to continuity of symptomatology of tinnitus since service to be credible. Although the VA examiner provided an opinion in July 2011 that the Veteran's tinnitus was not related to military acoustic trauma, a statement from a private audiologist in October 2012 suggested otherwise. The Board finds that the evidence is in equipoise; therefore, resolving doubt in the Veteran's favor, service connection for tinnitus is granted. 

ORDER

Entitlement to service connection for bilateral hearing loss is denied. 

Entitlement to service connection for tinnitus is granted. 



______________________________________________
P.M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs